UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-cr-17-1 |
| | ) | |
| JAVON WHITLOCK, | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS EVIDENCE

Now comes the Defendant, Javon Whitlock, in the above-captioned matter and respectfully moves, pursuant to FED. R. CRIM. P. 12(b)(3)(C) and the Fourth Amendment to the U.S. Constitution, that this Honorable Court suppress any and all evidence obtained by law enforcement as a result of the warrantless search and seizure that occurred on March 30, 2019, in the area of Mile Marker 27 on I-89 in Vermont. The Defendant further moves to suppress any fruits of the unlawful search and seizure, including but not limited to (1) any items seized from the Defendant's vehicle, (2) any statements made by the Defendant, and (3) any evidence obtained from the Defendant's cell phone.

### FACTS.

On March 21, 2019, this Court issued arrest warrants for Sir Michael James and Stephany Guerrero-Rodriguez in regard to Indictment No. 19-cr-00048, charging Conspiracy to Distribute Heroin and Cocaine Base. On March 26, 2019, this Court granted a warrant authorizing the collection of cell phone location data for a phone number associated with Mr. James. On March 30, 2019, at approximately 4:25 P.M., officers who were monitoring Mr. James' cell phone location data in real time observed that he was traveling north on I-91 near the Vermont-Massachusetts border. At 4:36

P.M., Drug Enforcement Agency ("DEA") Special Agent Timothy Hoffman contacted Vermont State Police Sergeant Richard Slusser and requested that he stop the vehicle believed to contain Mr. James.  Agent Hoffman further informed Sergeant Slusser that Mr. James was a black male, six foot five, approximately 300 pounds, and would likely be accompanied by Ms. Guerrero-Rodriguez.

At 5:37 P.M., Sergeant Slusser and Vermont State Police Trooper Sean Collins observed a Nissan Sentra traveling north on I-89 with three occupants and pulled it over in the area of Mile Marker 27 in Vermont.  Sergeant Slusser identified the driver as the Defendant, who had a valid driver's license and stated that he rented the vehicle in Massachusetts.  The front passenger was identified as Mr. James and the rear passenger as Ms. Guerrero-Rodriguez.

Sergeant Slusser advised the Defendant that he stopped him for going six miles over the speed limit but that it was "not enough to write you a ticket for."  Sergeant Slusser asked for, and was provided, the Defendant's license and registration.  As Sergeant Slusser was reviewing the Defendant's documentation, he advised the vehicle's occupants that he smelled "a little weed" and asked them how much they had.  Mr. James replied that he (Mr. James) had seven grams.[1]  Sergeant Slusser then advised Mr. James that possession of marijuana was "decriminalized in the state" and that it was "not an arrestable offense."

Sergeant Slusser then walked over to the right-front passenger side of the vehicle and ordered Mr. James to exit.  Sergeant Slusser placed Mr. James in handcuffs, at which time Agent Hoffman arrived at the scene and ordered the Defendant and Ms. Guerrero-

---

[1] Seven grams is approximately one quarter of one ounce.

Rodriguez to be removed from the vehicle and placed into custody.  Trooper Collins removed Ms. Guerrero-Rodriguez and placed her into his vehicle.  DEA Agent Brandon Hope removed the Defendant and placed him into Sergeant Slusser's vehicle.  Agent Hoffman advised Agent Hope that the Defendant was being "detained."  Once the Defendant was in custody, Sergeant Slusser showed Agent Hoffman the Defendant's driver's license, to which Agent Hoffman stated, "I don't have anything on him."

Agent Hoffman then advised Sergeant Slusser that he was "just going to toss this car real quick."  Thereafter, Sergeant Slusser, Agent Hoffman, and Agent Hope searched the vehicle's trunk and interior.  After searching for approximately seven minutes, Agent Hoffman approached Mr. James, who was in Vermont State Police Corporal Mark Busier's vehicle, administered Miranda warnings, and asked him where "the package" was.  Mr. James stated that it was near the center console.  Agent Hoffman relayed the location to Agent Hope, who removed the plastic panel below the shifter and seized suspected narcotics from the vehicle.

The Defendant was transported to the Vermont State Police barracks in Royalton, where he was interviewed by Agent Hoffman and Special Agent Adam Chetwynd. During the interview, the Defendant made responses to the agents' questions and, at one point, gave consent to search his cell phone.

### LAW AND ANALYSIS.

Officers unlawfully seized the Defendant when they removed him from his vehicle, placed him in handcuffs, and detained him in a police cruiser.  A seizure that is "lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution."  Illinois v. Caballes, 543

U.S. 405, 407 (2005).  As applied to a traffic stop, "[a] seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission."  Id.  A brief stop may be extended for investigatory purposes if the officer has "reasonable suspicion supported by articulable facts that criminal activity may be afoot."  United States v. Swindle, 407 F.3d 562, 566 (2d. Cir. 2005) (quoting United States v. Sokolow, 409 U.S. 1, 7 (1989)).  This reasonable suspicion must be supported by objective, articulable evidence.  Terry v. Ohio, 392 U.S. 1, 27 (1968).  To determine whether an investigatory detention has a reasonable duration, the Supreme Court directs courts to "examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly."  United States v. Sharpe, 470 U.S. 675, 686 (1985).

Although officers had arrest warrants for both of the vehicle's passengers, Mr. James and Ms. Guerrero-Rodriguez, it did not have one for the Defendant.  The Defendant had a valid driver's license and was the authorized driver of the rental vehicle. Moreover, he apparently had not committed a motor vehicle infraction; Trooper Slusser advised the Defendant that although he had been going six miles over the speed limit, it was not enough to write him a ticket.  Thus, officers had no justifiable grounds to prolong the stop by seizing and detaining the Defendant.

The officers' ensuing search of the Defendant's vehicle violated his Fourth Amendment right "against unreasonable searches and seizures."  Generally, a search conducted without a warrant issued upon probable cause is "*per se* unreasonable" under the Fourth Amendment, subject to a few "well-delineated exceptions."  United States v. Kon Yu-Leung, 910 F.2d 33, 41 (2d. Cir. 1990) (quoting Schneckloth v. Bustamonte, 412

U.S. 218, 219 (1973)).  The automobile exception is an exception to the warrant requirement that allows police to conduct a warrantless search of a motor vehicle "if probable cause exists to believe the vehicle contains contraband or other evidence of a crime."  United States v. Gaskin, 364 F.3d 438, 456 (2d Cir. 2004); see also United States v. Ross, 456 U.S. 798, 809 (1982) (finding that under the automobile exception, "a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained").  Probable cause exists where the facts as known to the officer are "sufficient in themselves to warrant a man of reasonable caution in the belief that evidence of a crime will be found in the place to be searched."  Gaskin, 364 F.3d at 456.

Given the State of Vermont's decriminalization of possession of less than one ounce of marijuana, the slight odor of marijuana did not justify the officers' seizure of the Defendant or their ensuing search of his vehicle.  See 18 V.S.A. § 4230a(a), 2013 No. 194 (Adj. Sess.), § 13 (eff. June 17, 2014); see also Zullo v. Vermont, 2019 VT 1 (2019) (odor of marijuana alone does not provide probable cause to search vehicle).  At least one other circuit and its district courts have invalidated searches based on the odor of marijuana where state law has decriminalized the possession of a small amount of marijuana.  See e.g., United States v. Martinez, 811 Fed. Appx. 396 (9th Cir. 2020) (district court erred in denying motion to suppress evidence found during search of defendant's car by relying on pre-Proposition 64 cases that held that odor of marijuana alone provides probable cause to search for violations of state marijuana laws); United States v. Jones, 438 F. Supp. 3d 1039 (N.D. Cal. 2020) (after the passage of Proposition

5

64, odor of marijuana does not itself provide probable cause or reasonable suspicion to believe a vehicle contains contraband and search it).

Law enforcement's prolonged detention of the Defendant and the warrantless search of his vehicle were constitutionally impermissible, given the State of Vermont's decriminalization of less than one ounce of marijuana. Thus, the slight odor of marijuana did not justify the prolongation of a brief stop. Nor did it justify a full-blown search of the vehicle. The arrest of the Defendant's two passengers on arrest warrants does not alter this analysis. Therefore, the fruits of the unlawful seizure, including the Defendant's statements to police and the contents of his cell phone, should accordingly be suppressed. See Wong Sun v. United States, 371 U.S. 471, 482 (1963) (exclusionary rule extends to evidence directly and indirectly obtained from unlawful search and seizure); see also Oregon v. Elstad, 470 U.S. 298, 306 (1985) (confession obtained through custodial interrogation after illegal arrest should be excluded unless intervening events break causal connection between illegal arrest and confession).

WHEREFORE, the Defendant moves that this Court suppress (1) any items seized from the Defendant's vehicle, (2) any statements made by the Defendant, and (3) any evidence obtained from the Defendant's cell phone.

The Defendant respectfully requests an evidentiary hearing on this Motion.

<div style="margin-left:50%">

Respectfully submitted,
JAVON WHITLOCK, Defendant,
By his attorney,

</div>

Dated: January 29, 2021

<div style="margin-left:50%">

/s/ Jared L. Olanoff
JARED L. OLANOFF
73 Chestnut Street
Springfield, Massachusetts 01103
Tel: (413) 731-7000

</div>

Fax: (413) 731-7002
E-mail: jared@olanofflaw.com

CERTIFICATE OF SERVICE

I, Jared L. Olanoff, hereby certify that on January 29, 2021, I filed a true and accurate copy of this document through the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jared L. Olanoff_____
JARED L. OLANOFF